# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0730-19

S.T.T.,

    Plaintiff-Respondent,

v.

M.T.M.,

    Defendant-Appellant.

_____

        Submitted March 24, 2021 – Decided April 19, 2021

        Before Judges Vernoia and Enright.

        On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Burlington County, Docket No. FV-03-0203-20.

        Mario J. Persiano, attorney for appellant.

        Respondent has not filed a brief.

PER CURIAM

      Defendant M.T.M. appeals from a final restraining order (FRO) entered against him and in favor of his wife, plaintiff S.T.T., pursuant to the Prevention

of Domestic Violence Act, N.J.S.A. 2C:25-17 to -35.[1] He argues there is insufficient evidence supporting the court's findings he committed the predicate act of harassment and an FRO is necessary to protect plaintiff from future acts of domestic violence. See Silver v. Silver, 387 N.J. Super. 112, 125-27 (App. Div. 2006). He also claims the court erred by making credibility determinations based on facts outside the trial record. Having reviewed the record in light of the applicable legal principles, we vacate the FRO and remand for a new trial before a different judge.

Plaintiff and defendant are married and share two children, ages eleven and nine. Plaintiff filed a complaint seeking a domestic violence restraining order against defendant. The complaint alleged that on July 29, 2019, defendant committed the predicate acts of harassment, N.J.S.A. 2C:33-4(b), and assault, N.J.S.A. 2C:12-1(a)(1), and that defendant also committed prior acts of

---

[1] We use initials to protect the privacy of the victim. See R. 1:38-3(d)(10). Defendant's original notice of appeal listed an amended September 17, 2019 FRO as the order from which he appealed. He later filed an amended notice of appeal listing the original September 10, 2019 FRO.

A-0730-19

domestic violence.[2]  The court entered a temporary restraining order (TRO) against defendant.[3]

Immediately prior to the start of trial on plaintiff's request for an FRO, the court addressed an incident that occurred at a prior court proceeding.  The court noted that during the prior proceeding, "[t]here were discussions about [a] potential adjournment of the proceeding."  The court explained that during a "break" in the proceeding, "defendant left due to a medical emergency and the matter was" rescheduled.

The court stated it wanted an "explanation as to what happened to [defendant] medically that necessitated that he leave the courtroom or leave the courthouse last time" the parties were in court.  Defendant's counsel explained defendant suffered from a condition that had been recently diagnosed and

---

[2]  The record provided on appeal does not include plaintiff's July 30, 2019 complaint.  See R. 2:6-1(a)(1)(I) (providing the appendix on appeal shall contain "such . . . parts of the record . . . as are essential to the proper consideration of the issues").  We are able to discern, however, the allegations in the complaint from the court's discussion of plaintiff's allegations in its bench opinion at the conclusion of the trial on plaintiff's request for the FRO.

[3]  In its opinion, the court refers to an amended TRO.  The record on appeal does not include any TRO issued in response to plaintiff's complaint.  See R. 2:6-1(a)(1)(I).

defendant "had an episode just outside the courtroom" during the break in the prior proceeding.

Counsel explained defendant brought "medical records [showing] what actually took place." The court asked if defendant had "some sort of admission record or something that reflects that there was medical treatment received by [him] the last time" he appeared. Defendant's counsel provided the court with records, which the court found showed defendant was transported by an ambulance and was referred to a hospital for treatment on the day the parties last appeared in court.

The court then began the trial, hearing testimony on plaintiff's request for an FRO. To address the issues presented on appeal, it is necessary to provide only a brief summary of the trial testimony.

Plaintiff testified about the alleged July 29, 2019 predicate acts of assault and harassment; she said defendant pushed and shoved her numerous times during an altercation at their home. She also described a series of alleged prior acts of domestic violence she claimed defendant committed during prior altercations.

Defendant's testimony about the parties' prior altercations differed greatly from plaintiff's versions of what occurred. Defendant testified he had a "verbal

argument" with plaintiff on July 29, 2019, and she pushed and scratched him. He denied pushing or shoving her. Defendant also provided his versions of the prior altercations plaintiff described during her testimony, and he denied the acts of domestic violence plaintiff attributed to him.

A police officer testified concerning what he observed after arriving at the parties' home on July 29, 2019, following plaintiff's report concerning the alleged incident that evening. The officer did not observe "any signs of physical violence for either party."

Defendant's brother also testified. He described the parties' relationship, explained they "argue . . . like any wife and husband," and denied ever seeing defendant act in a violent manner toward plaintiff.

Following presentation of the evidence, the court issued a decision from the bench. The court noted the parties' conflicting versions of the events and accepted plaintiff's version, finding she was the more credible witness. The court found "defendant's testimony to lack credibility" based on his demeanor. The court also found defendant was argumentative; he "repeatedly attempted to introduce extraneous testimony regarding what he perceive[d] to be the . . . virtues of his parenting"; and he repeatedly stated "he was not embellishing his testimony."

A-0730-19

The court's finding defendant's testimony was not credible was not based solely on the evidence presented at trial. The court's finding defendant's trial testimony was not credible was also based on defendant's actions at the prior court proceeding. In its findings concerning defendant's credibility, the court stated:

> And perhaps most significantly, the [c]ourt takes note of what took place in court the last time this matter was heard . . . during which time the parties were seeking to work out an adjournment in order for the defendant to engage in some discovery, that it became evident that an agreement was not going to be able to be reached at that point in time, and it was only during a recess following the determination that it became clear that the case was going to proceed and would not be adjourned, that the incident in which the defendant sought medical attention . . . came to pass.
>
> Now, certainly, there's been documents that have been presented that explain both—or purport to explain . . . defendant's medical condition and the episode that occurred . . . . However, the [c]ourt, taking in consideration the totality of the circumstances and the situation that preceded the alleged medical emergency, concludes that . . . defendant's testimony lacks credibility for those reasons.
>
> [(Emphases added).]

A-0730-19

In other words, the court found defendant was not a credible witness at trial in large part based on his actions and claim of a medical emergency at the prior court proceeding.[4]

After making its credibility determinations, the court accepted as credible plaintiff's testimony defendant pushed her during the July 29, 2019 incident. The court did not, however, find defendant committed the predicate act of assault because plaintiff did not testify she sustained a bodily injury.[5] The court, however, concluded defendant committed the predicate act of harassment in violation of N.J.S.A. 2C:33-4(b) based on the following terse findings: "[F]or the reasons . . . the [c]ourt has placed on the record, the [c]ourt finds . . . defendant's testimony with respect to the touching on July 29th lacks credibility and accordingly the [c]ourt finds that harassment has been

---

[4] A transcript of the prior proceeding is not included in the record on appeal.

[5] The court did not consider that an assault under N.J.S.A. 2C:12-1(a)(1) is committed where an actor "[a]ttempts to cause . . . bodily injury to another." An attempt to cause bodily injury is sufficient to convict under N.J.S.A. 2C:12-1. State v. Mingo, 263 N.J. Super. 296, 305 (App. Div. 1992) (D'Annunzio, J., dissenting), rev'd, 132 N.J. 75 (1993) (reversing judgment substantially for reasons expressed by the dissent). Plaintiff does not appeal from the court's determination she did not sustain her burden of proving the predicate act of assault under N.J.S.A. 2C:12-1. On remand, the court shall not reconsider or decide plaintiff's claim defendant committed the predicate of assault.

established by a preponderance of the evidence pursuant to N.J.S.A. 2C:33-4[(b)]."

The court then evaluated each of the factors in N.J.S.A. 2C:25-29(a)(1) to (6), see Silver, 387 N.J. Super. at 127, and the parties' alleged history of domestic violence, see id. at 125, and concluded an FRO was necessary to protect plaintiff from future acts of domestic violence. The court entered an FRO, which was later amended to permit defendant only supervised parenting time with the parties' children. This appeal followed.

Our review of Family Part orders is limited. Cesare v. Cesare, 154 N.J. 394, 411 (1998). "We review the Family Part judge's findings in accordance with a deferential standard of review, recognizing the court's 'special jurisdiction and expertise in family matters.'" Thieme v. Aucoin-Thieme, 227 N.J. 269, 282-83 (2016) (quoting Cesare, 154 N.J. at 413). "Thus, 'findings by the trial court are binding on appeal when supported by adequate, substantial, credible evidence.'" Id. at 283 (quoting Cesare, 154 N.J. at 411-12). "Only when the trial court's conclusions are so 'clearly mistaken' or 'wide of the mark' should [we] intervene and make [our] own findings to ensure that there is not a denial of justice." N.J. Div. of Youth & Fam. Servs. v. E.P., 196 N.J. 88, 104 (2008) (quoting N.J. Div. of Youth & Fam. Servs. v. G.L., 191 N.J. 596, 605 (2007)).

However, "we do not pay special deference to its interpretation of the law." Thieme, 227 N.J. at 283 (quoting D.W. v. R.W., 212 N.J. 232, 245 (2012)).

"Appellate courts should [typically] defer to trial courts' credibility findings that are often influenced by matters such as observations of the character and demeanor of witnesses and common human experience that are not transmitted by the record." State v. Locurto, 157 N.J. 463, 474 (1999). This is "because the trial judge 'has the opportunity to make first-hand credibility determinations about the witnesses who appear on the stand' and thus 'has a "feel of the case" that can never be realized by a review of the cold record.'" N.J. Div. of Child Prot. & Permanency v. T.D., 454 N.J. Super. 353, 379 (App. Div. 2018) (quoting E.P., 196 N.J. at 104); see also Cesare, 154 N.J. at 412 ("Because a trial court '"hears the case, sees and observes the witnesses, [and] hears them testify,"' it has a better perspective than a reviewing court in evaluating the veracity of witnesses.'" (alteration in original) (citation omitted)). Thus, the Family Part's credibility findings will be upheld on appeal "unless clearly lacking in reasonable support" in the trial record. N.J. Div. of Youth & Fam. Servs. v. F.M., 375 N.J. Super. 235, 259 (App. Div. 2005).

The court's determination defendant committed the predicate act of harassment and the prior acts of domestic violence supporting its issuance of the

9

FRO is founded exclusively on its finding defendant was not a credible witness. The court relied on that credibility finding to support its acceptance of plaintiff's version of the pertinent events and its rejection of defendant's testimony denying he committed any of the acts of domestic violence plaintiff alleged.

The court erred in making its credibility determination because it relied on information and events outside the trial record. Prior to the start of the trial, the court focused on defendant's purported medical emergency at the previous proceeding, and the court's preoccupation with the purported emergency continued through the end of the FRO trial. There was no testimony or evidence concerning the emergency during the FRO trial, but the court relied on defendant's claimed medical emergency to support its finding defendant's trial testimony was not credible. Indeed, the court relied on its apparent disbelief that defendant suffered a medical emergency necessitating an adjournment of the prior proceeding as "perhaps" the "most significant[]" fact supporting its finding defendant was not credible, and the court took into "consideration the . . . circumstances and the situation that preceded the alleged medical emergency" to conclude "defendant's testimony lack[ed] credibility for those reasons."

A-0730-19

The court's reliance on the medical emergency to support its credibility determinations was in error. The court's consideration of facts and circumstances "that were not part of the hearing record should not have played any part in the judge's decision. Because matters outside of the hearing record were considered and relied upon in reaching [its] conclusions," the court's credibility findings lack adequate support in the evidentiary record. In re Forfeiture of Pers. Weapons & Firearms Identification Card belonging to F.M., 225 N.J. 487, 513-14 (2016). Indeed, the court's findings based on defendant's actions in proceedings prior to the FRO trial suggest the court improperly pre-judged defendant's credibility before the trial began. "A judge's suspicions about a litigant's veracity . . . can never stand in the stead of a fair process, founded on an impartial consideration of evidence by a fair and impartial judge." McGory v. SLS Landscaping, 463 N.J. Super. 437, 457-58 (App. Div. 2020).

We recognize the court's credibility determinations are not based solely on the medical emergency incident; the court also cited defendant's demeanor and testimony as a reason it found defendant not credible. However, because the medical emergency incident was the most significant fact supporting the court's determination defendant was not credible, we are convinced the court's credibility determinations and concomitant findings of facts supporting the

A-0730-19

issuance of the FRO do not find adequate support in the trial record. See, e.g., State v. Hreha, 217 N.J. 368, 385 (2014) (rejecting a court's credibility determinations because they "appear[ed] unsupported by sufficient credible evidence in the record").

Accordingly, we vacate the FRO and remand for a new trial before a different judge.[6] See R.L. v. Voytac, 199 N.J. 285, 306 (2009) ("Because the trial court previously made credibility findings, we deem it appropriate that the matter be assigned to a different trial court."). The new trial shall be held promptly, and the TRO shall remain in effect until further order of the trial court.[7]

---

[6] We remind the remand court that any order issued following trial shall be supported by findings of fact and conclusions of law. R. 1:7-4(a). Our determination the court erred because the credibility determinations and resulting fact findings are unsupported by the record renders it unnecessary to vacate the FRO because the court's conclusion defendant committed the predicate act of harassment is unsupported by any express findings of fact and lacks any findings that defendant struck, kicked, shoved, or otherwise offensively touched plaintiff, or threatened to do so, with a purpose to harass. N.J.S.A. 2C:33-4(b); see also State v. Castagna, 387 N.J. Super. 598, 607 (App. Div. 2006) (explaining to find harassment under N.J.S.A. 2C:33-4, there must be proof that a defendant's conscious object was to "harass"; that is, "'annoy'; 'torment'; 'wear out' [or] 'exhaust.'" (quoting Webster's II New College Dictionary 504 (1995))).

[7] We do not vacate that portion of the amended FRO requiring that defendant have supervised parenting time with his children. The record presented on

12

Vacated and remanded for further proceedings. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

appeal does not permit a determination as to the basis for the supervised parenting time requirement. Thus, the parenting time provisions in the amended FRO shall remain in full force and effect pending further action of the Family Part based on any application made by a party seeking relief from, or modification of, those provisions.